UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOIS LORETTA CODY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00857-MTS |
| | ) |
| ANGELA MESMER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Lois Cody's timely filed petition under 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, Petitioner's § 2254 Petition is denied.

**I.      Factual and Procedural History**

On July 1, 2016, Petitioner Lois Loretta Cody ("Petitioner") pleaded guilty to first-degree robbery and armed criminal action. When Petitioner pleaded guilty, she confirmed the evidence the State would present at trial. Petitioner and her co-defendant, Chantel Taylor (Taylor), robbed Victim at gunpoint. Taylor had a relationship with Victim where she would perform sexual favors in exchange for money; as such, Victim admitted he was expecting Taylor for a "visit." After Taylor went into the room, Petitioner followed and pointed a gun at Victim. Petitioner later handed the gun to Taylor, who held the gun to Victim's head. Petitioner and Taylor subsequently took money and phones from Victim. The loaded gun, Victim's wallet, and the phones were found in Taylor's car. Petitioner admitted robbing Victim at gunpoint and taking items from him with Taylor.

After accepting Petitioner's guilty plea, the St. Louis City Circuit Court sentenced Petitioner to ten years' imprisonment for first-degree robbery and three years' imprisonment for armed criminal action, to be served concurrently. Petitioner is currently incarcerated at the Chillicothe Correctional Center in Chillicothe, Missouri. Petitioner did not file a direct appeal, but subsequently filed a motion under Supreme Court of Missouri Rule 24.035 for post-conviction relief.[1] Appointed counsel filed an amended motion. After an evidentiary hearing, Petitioner's claims for postconviction relief were denied. Petitioner appealed. The Missouri Court of Appeals, Eastern District, affirmed the denial of Petitioner's amended Rule 24.035 motion. *Cody v. State*, 595 S.W.3d 580 (Mo. Ct. App. 2020) (per curiam). Petitioner subsequently filed this habeas action.

Petitioner asserts four grounds for relief. First, Petitioner claims plea counsel was ineffective for failing to investigate her co-defendant, Chantel Taylor. Second, Petitioner claims the motion court denied her due process by conducting an independent fact-finding investigation. Third, Petitioner claims the motion court committed judicial misconduct by conducting an unsolicited investigation resulting in prejudice. Fourth, Petitioner claims the motion court committed judicial misconduct, stating, "Judicial conduct that violates the very bedrock rules regarding judicial proceedings – no matter how well intentioned – cannot be condoned." Doc. [1] at 9.

## II. Legal Standard
### A. Claims Reviewed on the Merits

---

[1] Further referred to as a Rule 24.035 motion. In the context of a direct appeal following a guilty plea, "the right to a direct appeal is limited." *State v. Hopkins*, 432 S.W.3d 208, 211 (Mo. Ct. App. 2014). "In Missouri, the general rule is that a guilty plea waives all non-jurisdictional defects, including statutory and constitutional guarantees." *Id*. "In a direct appeal of a judgment and sentence entered as a result of a guilty plea, the state court's review is limited to claims involving subject matter jurisdiction of the trial court and the sufficiency of the information or indictment." *Id*.; *see also Maulhardt v. State*, 789 S.W.2d 835, 837 (Mo. Ct. App. 1990); *State v. Sharp*, 39 S.W.3d 70, 71-72 (Mo. Ct. App. 2001) (unless "the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States," a motion for post-conviction relief pursuant to Rule 24.035 provides the exclusive remedy).

Under 28 U.S.C. § 2254, habeas relief is not available on the basis of an alleged involuntary guilty plea unless the state court's determination that the petitioner's plea was knowing and voluntary is either contrary to or an unreasonable application of clearly established Supreme Court law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1) and (2).

To determine whether the state court lawfully determined whether a petitioner's guilty plea was voluntary and knowing, a federal habeas court must consider the state court record, and "[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Determination of factual issues made by a state court are presumed to be correct and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352 (8th Cir. 1997) (en banc) (quoting *Blackledge*, 431 U.S. at 71).

### B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, Petitioner must show that her attorney's performance fell below an objective standard of reasonableness and that she was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The two-prong *Strickland* test also applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). While the first prong of *Strickland* remains the same, to show prejudice in the context of a guilty plea, petitioner "must show that there is a reasonable probability

3

that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* at 56.

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, [s]he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

### III. Discussion

Petitioner asserts four grounds for habeas relief in her Petition. However, Grounds 2 through 4 are interrelated and will be addressed together.

#### a. Ground One

In Ground One, Petitioner alleges plea counsel was ineffective "for failing to investigate this movant's co-defendant, Chantel Taylor." Doc. [1] at 4. Petitioner claimed in her amended Rule 24.035 motion that plea counsel was ineffective for failing to investigate Petitioner's co-defendant, Chantel Taylor, as a witness for Petitioner because Taylor would have exonerated her by testifying that she, Taylor, committed the robbery alone. Petitioner maintained that she would not have pleaded guilty if plea counsel had conducted a proper investigation, thus rendering her plea unknowing, unintelligent, and involuntary.

4

Petitioner provided only the bare assertion in her Petition that plea counsel was ineffective "for failing to investigate this movant's co-defendant, Chantel Taylor." Doc. [1] at 4. The court of appeals found that:

> [Petitioner] contended that she would not have pled guilty had plea counsel conducted proper investigation, and thus her guilty plea was rendered unknowing, unintelligent, and involuntary. The record, however, refutes the [Petitioner's] claim that plea counsel's failure to investigate Taylor as a witness led the [Petitioner] to enter an unknowing, unintelligent, and involuntary plea of guilty. At the plea hearing, the [Petitioner] acknowledged that counsel reviewed the police reports and the witnesses' statements with her, and she acknowledged that her co-defendant Taylor had already been tried. The [Petitioner] further acknowledged that counsel had discussed possible defenses with her, that counsel answered all of her questions, that she did not give counsel the names of any witnesses to contact, and that it was her decision to plead guilty. At sentencing, the [Petitioner] acknowledged that there was nothing she had asked counsel to do that he failed to do, and she had no complaints about counsel's services. The [Petitioner] did not contend at that time that she wanted counsel to contact Taylor and to have Taylor testify for her. In addition, plea counsel testified at the evidentiary hearing that the [Petitioner] admitted to him that she committed the robbery along with Taylor. The [Petitioner's] admission of guilt influenced plea counsel's investigation and strategy, and further refutes the [Petitioner's] claim that Taylor's testimony would have exonerated her.

Doc. [10-6] at 6. The court of appeals also found that Petitioner failed to demonstrate prejudice because:

> [Petitioner] failed to establish that Taylor would have testified truthfully on the [Petitioner's] behalf had the [Petitioner] gone to trial. There is no reason to believe that Taylor would have answered questions at a trial about the underlying crimes without obtaining counsel and invoking her Fifth Amendment rights. Because Taylor declined to testify about the underlying crimes, the [Petitioner] failed to establish that Taylor's testimony would have provided a viable defense. Without establishing that Taylor would testify and thereby give the movant a viable defense, the [Petitioner] cannot show that she suffered prejudice.

*Id*. at 7.

Petitioner has not satisfied the "doubly deferential" standard required to obtain habeas relief of her claim. The court of appeals correctly identified and applied the legal standard, *Hill v.*

5

*Lockhart*, 474 U.S. 52, 59 (1985), governing Petitioner's ground for relief, and based upon a determination of the facts that was not unreasonable, found that the record refuted Petitioner's claim that plea counsel's failure to investigate Taylor as a witness led Petitioner to enter an unknowing, unintelligent, and involuntary plea. Further, the court of appeals also found that Petitioner failed to show prejudice because she failed to show there was a reasonable probability that, but for counsel's unfounded error of failing to investigate her co-defendant Taylor, she would not have pleaded guilty and would have insisted on going to trial. Ground One is denied.

  b. Grounds Two – Four

On appeal from the denial of Petitioner's 24.035 motion, Petitioner claimed that the postconviction motion court denied her due process by "'conducting an independent fact-finding investigation and interjecting itself into the proceedings in that the court solicited without request by any party an excerpt of an unofficial transcript of [the movant's] key witness [and co-defendant Chantel Taylor], which ultimately resulted in the court striking the witness'[s] testimony,'" and that the postconviction motion court sought to "'to use the fruits of that investigation to undermine Ms. Taylor's testimony, preventing her from testifying.'" *See* Doc. [10-6] at 2.[2] Utilizing the plain error review standard, the court of appeals found that: (1) the motion court was entitled to take judicial notice of the record in Taylor's case; (2) the motion court did not strike Taylor's testimony based on the contents of the transcript excerpt [from Taylor's own trial][3]; (3) [Petitioner] failed to

---

[2] The court of appeals found that Petitioner's claims were not preserved for review because at the evidentiary hearing, she "did not object when the transcript excerpt was referenced or used by either the motion court or Taylor's counsel. The [Petitioner] did not object to appointment of counsel for Taylor. The [Petitioner] did not object when Taylor invoked her Fifth Amendment rights," and that Petitioner did not raise any due process concerns until the appeal. Doc. [10-6] at 3. Further, the court of appeals determined that Petitioner only requested plain error review in her *reply brief*, and that "[a]ssuming, without deciding, that plain-error review is available under the circumstances" of the case, they did not find error "plain or otherwise." *Id*.

[3] The court of appeals found that, "there is no evidence that the motion court struck Taylor's testimony at [Petitioner's] evidentiary hearing based on the contents of Taylor's [trial] transcript. Rather the record established that the motion

allege in her amended motion facts, not refuted by the record, that entitled her to post-conviction relief; and (4) [Petitioner] failed to demonstrate prejudice. *Id*. at 3-4.

Petitioner provides only bare assertions in Grounds Two through Four of her Petition. Petitioner's grounds, in total, are that the motion court denied her due process "[b]y conducting an independent fact-finding investigation," committed judicial misconduct by "conducting an unsolicited investigation resulting in prejudice to [Petitioner]," and that "[j]udicial conduct that violates the very bedrock rules regarding judicial proceedings – no matter how well intentioned – cannot be condoned." Doc. [1] at 4-9. A petition for a writ of habeas corpus "shall specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has not provided the Court with any facts whatsoever to support these grounds for relief. Grounds Two through Four are denied.

c.  **Does Law and Justice Require Relief**

Petitioner's claims fail for another reason. The Supreme Court has made clear that even if a petitioner "overcomes all of [§ 2254's] limits, he is never entitled to habeas relief." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022); *see also* 28 U.S.C. § 2241(a) (providing that federal courts "may" (not must) grant writs of habeas corpus). Therefore, if a petitioner "prevails under AEDPA" the petitioner "must still today persuade a federal habeas court that 'law and justice require' relief." *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) (quoting 28 U.S.C. § 2243); *accord Jones v. Cromwell*, 75 F.4th 722, 726 (7th Cir. 2023) ("If a petitioner cannot make both a statutory and

---

court relied solely on Taylor's invocation of her Fifth Amendment rights in striking her evidentiary hearing testimony." *Id*. at 4-5. The court of appeals also noted that although it did not have Taylor's trial testimony in the record before it, it could reasonably infer that Taylor's testimony in her own trial and the testimony Petitioner hoped to adduce at the evidentiary hearing would not be consistent. *Id*.

discretionary showing, we must deny relief."). Petitioner, who has "acknowledged the correctness of [her] conviction," has not made such a showing here. *See Missouri v. Frye*, 566 U.S. 134, 152 (2012) (Scalia, J., dissenting).

Petitioner admitted, in open court, that she committed the crimes to which she pleaded guilty. Doc. [10-2] at 45 ("Do you admit robbing [Victim] at gunpoint?" "Yes, sir."); *id.* at 46 ("And you took the property that belonged to him?" "I admit to that."); *see also Thompson v. United States*, 872 F.3d 560, 566 (8th Cir. 2017) ("[R]epresentations [made] during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings."). Not only did she admit to her crimes in open court, but she also admitted them to her attorney.[4] Doc. [10-2] at 9 ("[S]he told me that [she and Taylor] had robbed this gentleman together."); *id.* at 12 (counsel for Cody answering that he "believe[d] the victim" of the robbery because the victim's statements were "corroborated by [Cody's] statements"). Petitioner is guilty, and States have a "powerful and legitimate interest in punishing the guilty." *See Brown*, 142 S. Ct. at 1523 (quoting *Calderon v. Thompson*, 523 U.S. 538, 556 (1998)); *accord U.S. ex rel. Gockley v. Myers*, 450 F.2d 232, 251 (3d Cir. 1971) (Adams, J., dissenting) ("[I]f he is not innocent, society has a strong interest in his continued incarceration."). Habeas "imposes special costs on our federal system" that can "frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Engle v. Isaac*, 456 U.S. 107, 128 (1982). Given that

---

[4] Petitioner waived the attorney-client privilege when she asserted ineffective assistance of counsel in her Rule 24.035 Motion. *Scruggs v. State*, 839 S.W.2d 51, 52 (Mo. Ct. App. 1992) ("[A] claim of ineffective assistance of counsel waives all privilege."); *see also Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *Natoli v. United States*, 4:21-cv-00235-AGF, 2021 WL 2187279, at *1 (E.D. Mo. May 28, 2021) (noting it is "well settled" that a collateral attack asserting claims of ineffective assistance of counsel "impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim").

"Congress invested federal courts with discretion when it comes to supplying habeas relief," *Brown*, 142 S. Ct. at 1523, and cognizant of the States' powerful interest in punishing the guilty, "this Court sees no reason why the federal government should 'intrude[ ] on state sovereignty' by granting habeas" to Petitioner given the facts and circumstances here. *See Corley v. Blair*, 4:22-cv-00250-SRC, 2023 WL 4261608, at *4 (E.D. Mo. June 29, 2023) (quoting *Davenport*, 142 S. Ct. at 1523).[5] The Petitioner has not, in any way, explained how "law and justice" could require habeas relief for her given that she is factually guilty. 28 U.S.C § 2243. Our justice system has long recognized that "to do justice" means "to shield the innocent and punish the guilty." *United States v. Macomb*, 26 F. Cas. 1132, 1134 (C.C.D. Ill. 1851) (McLean, J.) (punctuation omitted).

In sum, even if Petitioner would have "overcome the obstacles to habeas relief," which she did not do for the reasons explained herein, "[s]he still has not persuaded [the Court] that 'law and justice' require the petition to be granted." *Watkins v. Medeiros*, 36 F.4th 373, 392 (1st Cir. 2022), *cert. denied*, 143 S. Ct. 604 (2023) (quoting *Shinn*, 142 S. Ct. at 1731).

## CONCLUSION

Based on the Petition, the Petitioner has not shown that the court of appeal's decision was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts.

Accordingly, all of Petitioner's Grounds for relief are denied,

**IT IS HEREBY ORDERED** that the Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED**.

---

[5] *See also Crawford v. Cain*, 68 F.4th 273, 287 (5th Cir. 2023) (Oldham, J., for the Court, joined by Smith and Duncan, JJ.), *reh'g en banc granted, opinion vacated*, 72 F.4th 109 (5th Cir. 2023) ("Law and justice do not require habeas relief—and hence a federal court can exercise its discretion not to grant it—when the prisoner is factually guilty.").

9

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 25th day of September, 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE